**Frank Maryan Brandstetter HUBICKI, Petitioner**

v.

**FESTINA, a Liechtenstein Foundation, Respondent.**

No. 05–0357.

Supreme Court of Texas.

June 1, 2007.

---

Clifford A. Lawrence Jr., Clifford A. Lawrence, Jr., P.C., Houston, John Howell House, Burt Barr & Associates, L.L.P., Dallas, for Petitioner.

Alan S. Loewinsohn, Carol E. Farquhar, Steven C. Wagner, Loewinsohn Flegle Deary L.L.P., Dallas, Douglas Alexander, Alexander Dubose Jones & Townsend, LLP, Austin, for Respondent.

PER CURIAM.

The trial court in this case authorized substituted service by first class mail and by certified mail, return receipt requested, on Frank Hubicki at a post office box associated with a house he owns in Mexico. Hubicki did not answer, and the court rendered a default judgment against him for actual and punitive damages. We hold that the plaintiff failed to demonstrate that the method of service the trial court authorized was reasonably effective to give Hubicki notice of the suit, and reverse the court of appeals' judgment.

In August 2003, Festina, a Liechtenstein Foundation, sued Hubicki for breach of contract and fraud. Festina alleged that it had agreed to loan Hubicki more than $2 million with the understanding that the loan would be repaid in part from the proceeds of Casa Tranquilidad, a house in Acapulco that Hubicki owned, upon his death. It further alleged Hubicki had represented he would execute documents necessary to ensure that the proceeds of the sale of the house would be used to pay off the loan, but he refused to do so. Festina

claimed Hubicki's conduct was intentional, willful, and malicious, entitling Festina to unspecified punitive damages. Festina's petition alleged Hubicki had a "residence address" in Dallas, and that he could be served at Casa Tranquilidad in Mexico.

A month and a half after filing its petition, Festina filed a motion for alternative service under Texas Rule of Civil Procedure 106(b). The motion asserted that a process server had attempted unsuccessfully to serve Hubicki by certified mail as provided in Rule 106(a)(2), and asked the court to authorize Festina to serve Hubicki by first class mail at Casa Tranquilidad. Festina attached an affidavit by its process server, Steven W. Thomas. Thomas attested that he had attempted to serve Hubicki by certified mail at Casa Tranquilidad, but that Hubicki had "failed or refused to receive the certified mail." He further stated that

> [t]he Defendant in this cause ... is currently in Mexico and can usually be found at Casa Tranquilidad, Club Residencial Las Brisas, P.O. Box 1807, Acapulco Gro., 39300, Mexico where he resides when he is in Mexico.
>
> ...
>
> If service of process were made by sending the process to Hubicki by regular mail ... he would be reasonably likely to receive the process because it would be delivered to his address without the necessity of being signed for or retrieved.

The trial court signed an order authorizing Festina to serve Hubicki by first class mail and by certified mail, return receipt requested. The order further provided that "[s]ervice may be returned by the process server stating the date upon which such process was mailed ... and with U.S. Postal Service verification of the date of mailing the certified mail." Thomas's return of service verified that he sent Hubicki citation by first class mail and by certified mail, return receipt requested.[1]

When Hubicki failed to answer Festina's suit, Festina moved for a default judgment. After a brief evidentiary hearing on causation and damages, the trial court entered judgment in Festina's favor for $2,302,000 in actual damages, $4,000,000 in punitive damages, $37,210.12 in prejudgment interest and $37,000 in attorney's fees. Six months later, Hubicki filed a notice of restricted appeal under Rule 30 of the Texas Rules of Appellate Procedure. The court of appeals affirmed the trial court's judgment. 156 S.W.3d 897, 899.

Because Hubicki filed this restricted appeal within six months of the judgment and did not participate in the default hearing, the only question we must resolve is whether error is apparent on the face of the record. *See Wachovia Bank of Del. v. Gilliam*, 215 S.W.3d 848, 849 (Tex. 2007). In a restricted appeal from a default judgment, no presumptions in favor of valid service are made. *Id.* at 850. Hubicki contends that error is apparent on the face of the record because the record fails to demonstrate that the alternative service the trial court authorized was reasonably effective to give him timely notice of the suit. We agree.

Rule 108a governs service of process upon parties in foreign countries. It provides for several methods of service, including in the manner provided by Rule 106. Service under Rule 108a "must be reasonably calculated, under all of the circumstances, to give actual notice of the proceedings to the defendant in time to answer and defend." TEX.R. CIV. P.

---

1. The receipts accompanying Thomas's verification, however, showed service by registered, not certified, mail.

108a(1). Under Rule 106(b)(2), a plaintiff who has unsuccessfully attempted to serve process by certified mail may seek leave to serve the defendant by alternative means. A motion under the rule must be supported by an affidavit showing that the alternative method of service "will be reasonably effective to give the defendant notice of the suit." TEX.R. CIV. P. 106(b)(2). When citation is made by an alternative method of service under Rule 106(b), proof of service must be made in the manner ordered by the court. TEX.R. CIV. P. 107.

In *State Farm Fire and Casualty Co. v. Costley*, we held that substituted service by first class mail may be proper in some circumstances. 868 S.W.2d 298, 299 (Tex. 1993). But in that case, State Farm had made ten failed attempts to personally serve its insured. *Id.* at 298. State Farm presented evidence that the address was correct because it was the insured premises, and that the defendant was receiving State Farm's regular mail at that address. *Id.* at 299. In this case, Festina made a single attempt to serve Hubicki under Rule 106(a) before moving for alternative service under Rule 106(b) and there is no evidence that Hubicki was actually receiving mail at the address Festina provided.

Furthermore, Thomas's affidavit in support of Festina's motion for alternative service, dated September 30, 2003, stated that Hubicki was "currently in Mexico" and "can usually be found at Casa Tranquilidad ... when he is in Mexico." But Festina did not attempt to serve Hubicki until almost a month later. And Festina's petition alleges that Hubicki had a "residence address" in Dallas. Thus, there is no evidence that Hubicki was in Mexico at the time Festina attempted service there.

■ Festina argues that service was adequate because Rule 108a allows for service in accordance with Rule 106(a)(2), by registered mail, return receipt requested, and service by registered mail is listed by the State Department as one of three recognized methods for effecting service of process in Mexico. But Festina did not establish return of service by providing a return receipt with Hubicki's signature, as Rule 107 contemplates when service is effected under Rule 106(a)(2). We have long demanded strict compliance with applicable requirements when a defendant attacks a default judgment. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex.1990). Accordingly, even if a defendant has received actual notice of a pending lawsuit, a default judgment rendered upon defective service will not stand. *Id.* As we explained in *Dunn*, we rigidly enforce rules governing service when a default judgment is rendered because

> the only ground supporting the judgment is that the defendant has failed to respond to the action in conformity with applicable procedure for doing so. If the defendant can then show that the person commencing the action was guilty of comparable nonconformity with procedural rules, under a principle of equality the derelictions offset each other and the merits of the controversy may be brought forward for consideration.

*Id.* at 837 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 3 cmt. d (1982)).

Under these circumstances, as a matter of law, Festina failed to establish that alternative service at the Casa Tranquilidad address was reasonably calculated to provide Hubicki with notice of the proceedings in time to answer and defend. Therefore, pursuant to Rule 59.1 of the Rules of Appellate Procedure, without hearing oral argument, we reverse the court of appeals' judgment and remand the case to the trial court.