NUMBER 13-10-208-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

INVESTMENT IDEAS,
INC.,                                                    Appellant,

 

v.

 

ELLEKAY, LLC D/B/A
YOUNG CHEF’S ACADEMY,           Appellee.

                                                                                                                     
  

 

On appeal from County
Court at Law No. 6 

of Hidalgo County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Vela  

Memorandum Opinion by
Justice Vela

 

This is an appeal from a
default judgment granted against appellant Investment Ideas, Inc. and in favor
of appellee Ellekay, LLC d/b/a Young Chef’s Academy, for $404,833.21, plus
interest and attorney’s fees, in a claim for breach of implied warranty, breach
of contract, negligence, and fraud.  By one issue, Investment Ideas argues that
the trial court erred in entering a no-answer default judgment because it was
not served in strict compliance with applicable rules of civil procedure.  We
reverse and remand.

I.  Background

       Ellekay filed its
original petition on November 20, 2009, in Hidalgo County.  The petition states
that Investment Ideas failed to appoint or maintain a registered agent in
Texas.  Accordingly, Ellekay asserts that service could be made by serving the
Secretary of State.  See Tex.
Bus. Org. Code Ann. § 5.251(1)(A) (Vernon Supp. 2010).  

       Citation was issued
by the Hidalgo County clerk’s office on November 23, 2009.  The “Sheriff’s
Return” section of the citation reflects that service was attempted on December
4, 2009, as follows:  “Sent certified mail to Secretary of State
#7008-2810-0000-3935-6622, P.O. Box 12079, Austin, TX 78711-2079.”  The return
was signed by someone who was apparently a civil process server, but whose
signature is not legible, and was followed by a number.  The return was not
verified.  

On January 11, 2010, Ellekay
moved for default judgment, reciting that Investment Ideas had been served with
citation on December 11, 2009.  On January 13, 2010, the trial court held a
hearing on the default judgment.  Ellekay presented a non-military affidavit, a
certificate of last known mailing address, an attorney’s fee affidavit, and an
affidavit outlining the alleged damages.  The trial court entered the default
judgment.

On January 15, 2010, not
knowing that a default judgment had been entered, Investment Ideas filed a
special appearance contesting jurisdiction, a motion to transfer venue, and an
answer.  When Investment Ideas became aware that a default judgment had been
entered, it also filed a timely motion to set aside default judgment and a
motion for new trial.  Investment Ideas took the position at the hearing on
motion for new trial that it sought an extension of time from Ellekay’s
attorney in order for Investment Ideas to obtain Texas counsel.  Ellekay denied
that there was such an agreement.

The citation stated that it
had been sent to “Investments Ideas Inc.,” rather than to “Investment Ideas
Inc.”  The return is signed by a civil process server whose signature was not
legible.  The return suggests that the petition was sent to the Secretary of State
at an Austin, Texas address but it was not verified.   

On March 4, 2010, nearly a
month and a half after the default judgment was entered, Ellekay filed a
“server’s return,” through an affidavit of Marilyn Stroud who averred that she
was the process server who attempted to effectuate service in this case.  She
stated that the “addressee’s signature mark is filed of record in this cause,”
but there is no signature of record, nor is there an order of the trial court
authorizing the amendment of the return.  The motion for new trial was
overruled by operation of law without granting leave to file the amended
return.  

II. Legal Standard

Strict compliance with the
rules for service of citation must affirmatively appear on the record in order
for a default judgment to
withstand direct attack.  Primate Constr. Inc. v. Silver, 884 S.W.2d 151, 152 (Tex. 1994).  Failure to comply with
the rules governing service of citation constitutes error on the face of the
record.  Id. 
Even if a defendant has received actual notice of the pending lawsuit, as in
this case, a default judgment that is rendered upon defective service will not
withstand appellate scrutiny.  Hubicki v. Festina, 226 S.W.3d 405, 408
(Tex. 2007).  The reason is clear:  the only ground supporting a default
judgment is that the defendant has failed to comply with the procedural
requirements for answering a lawsuit.  Id.  If a defendant can show that
the plaintiff, in filing the lawsuit, also erred in failing to conform to the
procedural rules, the errors, in essence, offset one another.  See id.; see
also Landmark Organization, L.P. v. Sunbelt Air Conditioning and Refrigeration
Serv., Inc., No. 13-08-00676-CV, 2010 WL 2784032, at *3 (Tex.
App.−Corpus Christi July 15, 2010, no pet.) (mem. op.).  Virtually any
deviation from the statutory requisites for service of process will destroy a
default judgment.  Carmona v. Bunzl Distrib., 76 S.W.3d 566, 568-69
(Tex. App.−Corpus Christi 2002, no pet.).  The record must show that at
the time the default is entered, proper service of citation was made.  Id.
at 568.

III.
Analysis

       Here, the pleadings
were filed against a company named “Investment Ideas, Inc.”  The citation,
however was issued to “Investments [sic] Ideas, Inc.”, but it should have been
issued to “Investment Ideas, Inc.”, by and through its registered agent for
service.  Texas Rule of Civil Procedure 107 provides that where the citation is
served by an authorized person rather than by an officer, the return shall be
verified.  Tex. R. Civ. P. 107. 
The return in this case was served by one other than an officer and was not
verified.  Rule 107 requires an acknowledgement of the instrument before a
notary public.  Laas v. Williamson, 156 S.W.3d 854, 858 (Tex.
App.–Beaumont 2005, pet. denied).  The record reflects that a verification was
not filed until March 4, 2010, more than a month and a half after the entry of
judgment in an attempt to amend the order post-judgment.  

Rule 118 of the Texas Rules
of Civil Procedure allows service of process or proof of service to be
amended.  Tex. R. Civ. P. 118. 
In Higginbotham v. General Life & Accident Insurance Company, the
supreme court noted that the trial court has express authority to allow amendment
of the return of citation.  796 S.W.2d 695, 696 (Tex. 1990).  In Higginbotham,
the record affirmatively showed service of citation, and the trial court
entered a formal order that service had been accomplished.  The Higginbotham
court determined that the order signed by the trial court was “tantamount to an
order amending the return.”  Id.  Ultimately, the court limited its
holding to cases where there is a record showing strict compliance with a valid
method of service and an order expressly amending the return or an order that
is tantamount to an order amending the return.  Id. at 697. At the
motion for new trial hearing, counsel for Ellekay noted that the process server
had filed an affidavit in an attempt to amend service.  Neither the affidavit nor
the amendment were offered at the hearing.  

The return of citation here
is unverified.  Thus, it clearly does not comply with Rule 107.  See Tex. R. Civ. P. 107.  And, there was
neither an order entered allowing an amendment nor was there an order entered
that was tantamount to an amendment.  The trial court took the case under
advisement, and the motion for new trial was overruled by operation of law. 
Because service of citation did not comply with the procedural rules, the
default judgment cannot stand under the strict scrutiny standard set forth in Primate. 
See Primate Constr. Inc., 884 S.W.2d at 152.  We sustain Investment
Idea’s first issue.

 

IV. Conclusion

We reverse the judgment and
remand to the trial court.

 

 

                                                                                                ROSE
VELA

                                                                                                Justice

 

 

Delivered
and filed the

18th
day of November, 2010.