02-10-253-CV













 

 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00253-CV 

 

 


 
 
 $629.00 in U.S. Currency
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

------------

 

FROM THE
372nd District Court OF Tarrant
COUNTY

------------

MEMORANDUM
OPINION[1]

----------

          Appellant Christopher Norried appeals
the default judgment against his interest in $629.00 in U.S. Currency.  The State of Texas filed a notice of seizure
and intended forfeiture of the money on May 27, 2010.  Mr. Norried was served with the notice on May
28.  On June 22, 2010, the trial court found
that Mr. Norried both failed to answer and failed to appear and entered a
default judgment ordering the forfeiture of the money.  

Mr.
Norried’s first six issues concern evidence that was not presented to the trial
court.  We cannot consider evidence that
does not appear in the record. Alexander v. Lynda's
Boutique, 134 S.W.3d 845, 848 (Tex. 2004).  Thus, we overrule Mr. Norried’s first six
issues.

In
his seventh issue, Mr. Norried claims that he timely answered by mailing a
written answer through the mail system at the county jail where he was
incarcerated, and thus the default judgment was error.  The document was received by the clerk, but
it is not file stamped nor is there any other indication of when it was
received.  The State claims that Mr.
Norried cannot demonstrate that he timely answered and thus, the default
judgment should be upheld.  Because we
hold that Mr. Norried’s answer should be deemed timely filed, we reverse the
trial court’s default judgment and remand the case to the trial court.

Standard
of Review

Mr.
Norried did not file a motion for new trial with the trial court but did file a
notice of appeal; therefore, this is a restricted appeal. See Tex. R. App. P. 30.  To
prevail on a restricted appeal, an appellant must demonstrate:
(1) the notice of restricted appeal was filed within six months of
the date of the judgment or order; (2) he was a party to the suit; (3) he did
not participate in the hearing that resulted in the judgment complained of and
did not timely file a post-judgment motion or request for findings of facts and
conclusions of law; and (4) error is apparent on the face of the record.  See id.;
Hubicki v. Festina, 226 S.W.3d
405, 407 (Tex. 2007).  The only
contested element in this case is whether there is error on the face of the
record.

Discussion

A
default judgment may not be granted based on a failure to answer when the
defendant has an answer on file, even if the answer was filed late.  Tex. R. Civ. P. 239; Davis v. Jefferies, 764 S.W.2d 559, 560
(Tex. 1989).  The clerk’s record
does not show when Mr. Norried’s answer was filed, but the fact that the record
contains a copy of his answer is evidence that the trial clerk received it.  The answer contains a statement by Mr. Norried
that he put the document in the county jail mail system on June 2, 2010, five
days after he was served and well within the statutory time to respond.  See
Tex. R. Civ. P. 99(b) (directing a defendant to file a written answer “on or
before 10:00 a.m. on the Monday next after the expiration of twenty days after
the date of service thereof”).  Because
Mr. Norried is a pro se inmate, his answer is deemed filed when he put it in
the county jail mail system.  See Warner
v. Glass, 135 S.W.3d 681, 682 (Tex. 2004) (“[W]e decline to penalize a pro
se litigant for failing to obtain a postmark or file-stamp when the litigant
has timely placed the document in the prison mail system, the only delivery
system to which he or she has access.”).[2]  The State does not contest Mr. Norried’s
statement that he mailed his answer on June 2, 2010.  Thus we hold that Mr. Norried timely filed an
answer. 

Conclusion

Because
an answer was filed with the court, the default judgment was error.  See
Tex. R. Civ. P. 239; Davis, 764 S.W.2d at 560. 
This error is apparent on the face of the record. See Tex. R. App.
P. 30; Hubicki, 226 S.W.3d at 407. 
We reverse and remand this case to the trial court for further
proceedings consistent with this opinion.

 

 

LEE GABRIEL

JUSTICE

 

PANEL:  McCOY, MEIER, and
GABRIEL, JJ.

 

DELIVERED:  December 23, 2010











[1]See Tex. R. App. P. 47.4.





[2]We
further note that there is a handwritten notation on the document in different
handwriting other than Mr. Norried’s that states “Do not have original.”  The notation is unsigned and there is no
evidence in the record as to who wrote it or when it was written.  Given that the original copy of Mr. Norried’s
answer is missing and the only copy presented in the court’s record is not
file-stamped, we believe the only reasonable explanation is that there was some
mistake in the clerk’s office between the time they received Mr. Norried’s
answer and the time they placed the copy in the record.  We refuse to hold this mistake against Mr. Norried.  See Warner, 135 S.W.3d at 684 (“Once a party has satisfied his duty
to put a legal instrument in the custody and the control of the court clerk, he
should not be penalized for errors made by the court clerk.”).  We also note that the fact that the answer is
not file-stamped creates a reasonable presumption that neither the State nor
the trial court judge knew the answer had been filed.  Although error occurred, we do not place
fault with the State or the trial court judge.