

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00253-CV

$629.00 IN U.S. CURRENCY                                          APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

----------

Appellant Christopher Norried appeals the default judgment against his interest in $629.00 in U.S. Currency. The State of Texas filed a notice of seizure and intended forfeiture of the money on May 27, 2010. Mr. Norried was served with the notice on May 28. On June 22, 2010, the trial court found that Mr. Norried both failed to answer and failed to appear and entered a default judgment ordering the forfeiture of the money.

---

[1]See Tex. R. App. P. 47.4.

Mr. Norried's first six issues concern evidence that was not presented to the trial court. We cannot consider evidence that does not appear in the record. *Alexander v. Lynda's Boutique,* 134 S.W.3d 845, 848 (Tex. 2004). Thus, we overrule Mr. Norried's first six issues.

In his seventh issue, Mr. Norried claims that he timely answered by mailing a written answer through the mail system at the county jail where he was incarcerated, and thus the default judgment was error. The document was received by the clerk, but it is not file stamped nor is there any other indication of when it was received. The State claims that Mr. Norried cannot demonstrate that he timely answered and thus, the default judgment should be upheld. Because we hold that Mr. Norried's answer should be deemed timely filed, we reverse the trial court's default judgment and remand the case to the trial court.

**Standard of Review**

Mr. Norried did not file a motion for new trial with the trial court but did file a notice of appeal; therefore, this is a restricted appeal. *See* Tex. R. App. P. 30. To prevail on a restricted appeal, an appellant must demonstrate: (1) the notice of restricted appeal was filed within six months of the date of the judgment or order; (2) he was a party to the suit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file a post-judgment motion or request for findings of facts and conclusions of law; and (4) error is apparent on the face of the record. *See id.*; *Hubicki v. Festina,* 226 S.W.3d 405, 407 (Tex. 2007). The only contested element in this case is whether there is error on the face of the record.

**Discussion**

A default judgment may not be granted based on a failure to answer when the defendant has an answer on file, even if the answer was filed late. Tex. R. Civ. P. 239; *Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex. 1989). The clerk's record does not show when Mr. Norried's answer was filed, but the fact that the record contains a copy of his answer is evidence that the trial clerk received it. The answer contains a statement by Mr. Norried that he put the document in the county jail mail system on June 2, 2010, five days after he was served and well within the statutory time to respond. *See* Tex. R. Civ. P. 99(b) (directing a defendant to file a written answer "on or before 10:00 a.m. on the Monday next after the expiration of twenty days after the date of service thereof"). Because Mr. Norried is a pro se inmate, his answer is deemed filed when he put it in the county jail mail system. *See Warner v. Glass*, 135 S.W.3d 681, 682 (Tex. 2004) ("[W]e decline to penalize a pro se litigant for failing to obtain a postmark or file-stamp when the litigant has timely placed the document in the prison mail system, the only delivery system to which he or she has access.").[2] The State

---

[2]We further note that there is a handwritten notation on the document in different handwriting other than Mr. Norried's that states "Do not have original." The notation is unsigned and there is no evidence in the record as to who wrote it or when it was written. Given that the original copy of Mr. Norried's answer is missing and the only copy presented in the court's record is not file-stamped, we believe the only reasonable explanation is that there was some mistake in the clerk's office between the time they received Mr. Norried's answer and the time they placed the copy in the record. We refuse to hold this mistake against Mr. Norried. *See Warner*, 135 S.W.3d at 684 ("Once a party has satisfied his duty to put a legal instrument in the custody and the control of the court clerk, he should not be penalized for errors made by the court clerk."). We also note that the fact that the answer is not file-stamped creates a reasonable presumption that neither the State nor the trial court judge knew the answer had been filed. Although error occurred, we do not place fault with the State or the trial court judge.

does not contest Mr. Norried's statement that he mailed his answer on June 2, 2010. Thus we hold that Mr. Norried timely filed an answer.

**Conclusion**

Because an answer was filed with the court, the default judgment was error. *See* Tex. R. Civ. P. 239; *Davis*, 764 S.W.2d at 560. This error is apparent on the face of the record. *See* Tex. R. App. P. 30; *Hubicki*, 226 S.W.3d at 407. We reverse and remand this case to the trial court for further proceedings consistent with this opinion.

LEE GABRIEL
JUSTICE

PANEL: McCOY, MEIER, and GABRIEL, JJ.

DELIVERED: December 23, 2010

4