**Opinion issued May 16, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00697-CV

————————————

**MATTHEW JOHN DATE AND STRUCTURED CAPITAL INVESTMENTS, LLC, APPELLANTS**

**V.**

**RSL FUNDING, LLC, APPELLEE**

On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 1156406A

## MEMORANDUM OPINION

In this restricted appeal from a default judgment, RSL sued two former employees, Matthew Date and Shane McCallay, and their business, Structured Capital Investments ("SCI"), for misappropriating RSL's confidential and proprietary information. RSL's claims against Date and SCI were severed from

those against McCallay when Date and SCI failed to answer the suit. McCallay continues to contest the merits of the suit in the trial court. Date and SCI (collectively, "Date") filed this restricted appeal from a default judgment, contending that Date was not properly served with process. We hold that Date has failed to show error on the face of the record negating the trial court's recital that he was properly served. We therefore affirm.

## Background

The suit began with a temporary restraining order issued against SCI and Date. RSL attempted personal service several times without success on Date at 4713 Linden Street in Bellaire, Date's residence and SCI's business address. The process server left copies of a temporary restraining order, and a citation and petition, at the residence, and averred that he verified with a woman doing yard work that she was Date's landlord and he lived at the Linden address, but he did not serve Date personally. RSL subsequently moved for substituted service under Texas Rule of Civil Procedure 106(b). The motion included correspondence from legal counsel that he no longer represented Date, but that Date was aware of RSL's intent to file suit and seek a temporary restraining order. The trial court granted the motion. The order authorized service by leaving a copy of the citation and petition with "anyone over sixteen (16) years of age at [Date's Residence] and mailing a copy of same." RSL mailed a copy of the citation and petition to Date the next day.

After attempting to serve someone over the age of sixteen at the address several times without success, RSL again moved for substituted service, requesting that the trial court allow service by posting the citation and petition on the door of Date's residence.

A process server served a person over the age of sixteen at the residence at 8:49 a.m. one morning, while, on the same day, the trial court granted RSL's second motion for substituted service. The amended order authorized service by posting the citation and accompanying materials "on the front door" of Date's residence and by sending the same by first class mail. In addition to posting the papers at Date's address, RSL mailed copies to the address by first class mail.

After receiving no answer to the underlying suit, RSL moved for entry of a default judgment against Date. The trial court entered judgment, ordered Date to pay damages of $385,670, and enjoined Date from disclosing RSL's potential confidential and proprietary information. The process server's affidavit of service and the trial court's judgment reflect that Date was served with citation and a copy of the plaintiff's petition by substituted service "on December 1, 2011," the date the process server delivered the citation to someone over sixteen at the residence— and the same day that the trial court amended its order.

**Discussion**

*Standard of Review*

A no-answer default judgment cannot withstand a direct attack by a defendant who shows that he was not served in strict compliance with the Texas Rules of Civil Procedure. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *Hubicki v. Festina*, 226 S.W.3d 405, 408 (Tex. 2007) (per curiam). In contrast to the usual rule that presumptions will be made in support of a judgment, when examining a default judgment, we accord no presumption of valid issuance, service, or return of citation. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam). Failure to strictly comply with the rules of civil procedure renders any attempted service of process invalid. *Hubicki*, 226 S.W.3d at 407; *Wilson*, 800 S.W.2d at 836.

A party may file a restricted appeal from a proceeding in which he did not participate or timely file any postjudgment motions by giving notice of appeal within six months of the judgment. TEX. R. APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848–49 (Tex. 2004). To prevail in a restricted appeal, like this one, the complaining party must show error on the face of the record. *Hubicki*, 226 S.W.3d at 407. Error generally may not be inferred from silence in the record; thus, absent affirmative proof of error, a restricted appeal fails. *See Alexander*, 134 S.W.3d at 849–50 (holding silence in the record on

4

restricted appeal about whether notice was provided in hearing to dismiss for want of prosecution amounts to absence of proof of error).

*Analysis*

Texas Rule of Civil Procedure 106(b) authorizes a court to order substituted service of process upon a proper showing that a plaintiff has been unable to personally serve a defendant. TEX. R. CIV. P. 106(b). When a court orders substituted service under Rule 106(b), the order provides the only authority for the substituted service. *Vespa v. Nat'l Health Ins. Co.*, 98 S.W.3d 749, 752 (Tex. App.—Fort Worth 2003, no pet.); *Becker v. Russell*, 765 S.W.2d 899, 900–01 (Tex. App.—Austin 1989, no writ). As a result, "any deviation from the trial court's order necessitates a reversal of the default judgment based on service." *Vespa*, 98 S.W.3d at 752; *see Becker*, 765 S.W.2d at 901.

The return of service in this case complies with the trial court's initial order granting substituted service. *See Vespa*, 98 S.W.3d at 752. The return of service reflects that the process server left the suit papers with "a suitable age person (African American male, late 40's to early 50's, glasses)" at the address specified in the order, and that he mailed a copy to the address, as required by the order. Date does not contest that substituted service was completed in strict compliance with the trial court's first order. Instead, he contends that the initial order had been vacated by the amended order before service was accomplished. *See FKM P'ship*

5

*v. Bd. of Regents of the Univ. of Houston Sys.*, 255 S.W.3d 619, 633 (Tex. 2008) (holding amended pleading did not supplement, but superseded prior pleadings).

Nothing in the record indicates that the trial court entered the amended order before service was completed pursuant to the first order, nor that the amended order voided service completed pursuant to the first order. The record does not affirmatively show that process was served after the trial court signed the amended order, rather than before he signed it. *See Alexander*, 134 S.W.3d at 849–50. The final default judgment recites that Date was served by substituted service as authorized by the trial court in its first order, indicating that the first order remained operative at the time Date was served. Because service was obtained pursuant to the trial court's first order, and nothing in the record nor in the trial court's amended order indicates that service obtained pursuant to the earlier order was void, Date has failed to show apparent error. Date has failed to show an irregularity on the face of the record supporting reversal of the judgment. *See Hubicki*, 226 S.W.3d at 407.

## Conclusion

We affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Massengale.