# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00842-CV

**Austin Energy, Appellant**

**v.**

**Trinity Universal Insurance Group the Real Party in Interest as Subrogee of the Named Plaintiff Steven Spears, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT NO. D-1-GN-12-000601, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

The City of Austin filed this restricted appeal, asserting that the trial court should not have rendered a default judgment against Austin Energy, a department of the City of Austin, because (1) Austin Energy was not a proper defendant to appellee Trinity Universal Insurance Group's negligence suit under the Texas Tort Claims Act and (2) Trinity improperly served an Austin Energy employee who was not a registered agent for service of process. *See* Tex. Civ. Prac. & Rem. Code §§ 101.001(3)(B) (establishing city as governmental unit), .102(b) ("The pleadings of the suit must name as defendant the governmental unit against which liability is to be established."); *see also id.* § 17.024 (providing that citation may be served on mayor, clerk, secretary, or treasurer in suit against incorporated city). On appeal, Trinity concedes that it improperly named and served Austin Energy, instead of the City, as the defendant in its suit. As a result, the only issue on appeal is what relief we should grant. The City asks us to reverse and render judgment dismissing Trinity's suit with

prejudice; Trinity contends that we should reverse and remand to the trial court. Because we agree with Trinity that dismissal with prejudice is not appropriate in this case, we will reverse and remand.

In the underlying suit, Trinity sued Austin Energy for negligence after a pole owned and maintained by Austin Energy allegedly fell onto the vehicle of Steven Spears, Trinity's insured. Trinity issued a citation alleging that Austin Energy could be served with process by serving "any employee" of Austin Energy and delivered the citation to an employee of Austin Energy. No answer was filed in the suit. Trinity filed a motion for default judgment, and the trial court granted the motion on June 29, 2012. The City filed this restricted appeal on December 21, 2012.

A party filing a restricted appeal must establish that (1) it brought the appeal within six months after the judgment was signed; (2) it was a party to the underlying suit; (3) it did not participate in the hearing that resulted in the judgment and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. Tex. R. App. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The first three requirements for filing a restricted appeal are jurisdictional. *See Clopton v. Pak*, 66 S.W.3d 513, 515 (Tex. App.—Fort Worth 2001, pet. denied). The City has established that it meets the first three requirements. It also has shown from the face of the record that Austin Energy was named in the suit and that one of Austin Energy's employees was served with citation—error that is apparent from the face of the record and that is conceded by Trinity. The City raises no other issues on appeal.

The City sought in its opening brief and its prayer to have the trial court's default judgment reversed and asked us to render judgment dismissing Trinity's claims with

2

prejudice. It provided no argument or authority in support of its requested relief. Trinity contends that the appropriate relief is instead to reverse the default judgment and remand to the trial court for further proceedings. We agree.

Courts rigidly enforce rules governing service when a default judgment is rendered because the only ground supporting the judgment is the defendant's failure to respond to the suit as required by the rules of civil procedure. *Hubicki v. Festina*, 226 S.W.3d 405, 408 (Tex. 2007). Therefore, if the defendant can show that the plaintiff also was not in compliance with the procedural rules, "'under a principle of equality the derelictions offset each other and *the merits of the controversy may be brought forward for consideration*.'" *Id.* (quoting Restatement (Second) of Judgments § 3 cmt. d (1982)) (emphasis added). When a party can demonstrate as a matter of law that it was not properly served with notice of suit, we reverse the trial court's judgment and remand the case to the trial court for consideration of the merits. *See id.* (reversing appellate-court judgment and remanding to trial court after determining that plaintiff had not established alternative service was reasonably calculated to provide defendant with notice of proceedings in time to answer and defend).

When reversing a judgment, Texas Rule of Appellate Procedure 43.3 requires us to render the judgment that the trial court should have rendered unless a remand is necessary for further proceedings or the interests of justice require a remand for another trial. Tex. R. App. P. 43.3. Dismissal with prejudice constitutes a final determination on the merits. *See Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex. 1999) (per curiam). In a case involving improper service, the defendant has not had the opportunity to contest the merits of the suit; thus, we have no basis to conclude that

3

the trial court should have rendered judgment in the defendant's—here, the City of Austin's—favor. As a result, we must remand to the trial court for proceedings on the merits of Trinity's case.

Having determined that the trial court erred by entering a default judgment in Trinity's favor, we reverse the trial court's judgment and remand the case to it for further proceedings.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Reversed and Remanded

Filed:   May 29, 2014

4