

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00015-CV

Eric **PASANISI** and Tanganyika Wildlife Safari, Ltd.,
Appellants

v.

Mark **VANHAM** and Klineburger Vanham International Hunting Consultants, LLC,
Appellees

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-08521
Honorable Laura Salinas, Judge Presiding[1]

Opinion by:    Beth Watkins, Justice

Sitting:       Luz Elena D. Chapa, Justice
               Beth Watkins, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: March 16, 2022

REVERSED AND REMANDED

This appeal concerns the validity of a no-answer default judgment rendered in favor of

appellees Mark Vanham and Klineburger Vanham International Hunting Consultants, LLC

(Vanham) and against appellants Eric Pasanisi and Tanganyika Wildlife Safari, Ltd. (Pasanisi).

We reverse the trial court's judgment and remand for further proceedings.

---

[1] While the Honorable Laura Salinas signed the default judgment, the Honorable Antonia Arteaga signed the order authorizing substituted service at issue on appeal.

## BACKGROUND

Vanham bought a safari booking business from Berg and Brigitte Klineburger (the sellers). The sellers sued Vanham. Vanham filed a counterclaim alleging a third-party defendant, Pasanisi, conspired with the sellers to interfere with the sale by violating a no-compete clause.

Pasanisi is a French citizen. Vanham attempted to serve Pasanisi through the Hague Convention but that attempt was unsuccessful. Vanham filed a motion for substituted service and sought to serve Pasanisi "by serving Helene Pasanisi member of Tanganyika Wildlife Safari, Ltd and sister of Eric Pasanisi at 620 Chemin de la Plus Haute Sine, 06140, Vence, France via registered mail." The trial court granted Vanham's motion. On May 16, 2018, Federal Express delivered the citation and counterclaim to the address provided. The Federal Express delivery slip was electronically signed "*H ELENE.*"

When Pasanisi failed to answer Vanham's counterclaim, Vanham moved for a default judgment. After an evidentiary hearing, the trial court signed a default judgment in Vanham's favor for $640,000 in actual damages and $1,028,000 in exemplary damages. A settlement and a severance made the judgment against Pasanisi final. He timely appealed.

## ANALYSIS

### *No Answer Default Judgment*

#### *Standard of Review*

We review a default judgment de novo to determine whether it was rendered in compliance with governing statutes and rules. *Furst v. Smith*, 176 S.W.3d 864, 869 (Tex. App.—Houston [1st Dist.] 2005, no pet.). We similarly review a trial court's order authorizing substituted service de novo. *Deleon v. Fair*, No. 04-06-00644-CV, 2007 WL 2042763, at *2 (Tex. App.—San Antonio July 18, 2007, no pet.) (mem. op.).

*Applicable Law*

"Rule 108a governs service of process upon parties in foreign countries." *Hubicki v. Festina*, 226 S.W.3d 405, 407 (Tex. 2007) (per curiam). "It provides for several methods of service, including in the manner provided by Rule 106." *Id*. Under Rule 106, a plaintiff who has unsuccessfully attempted to serve process in person or by registered or certified mail may seek leave to serve the defendant by alternative means. Rule 106(b)(2) allows a trial court to authorize, in those circumstances, service "in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit." R. 106(b)(2). Service under Rule 108a "must be reasonably calculated, under all of the circumstances, to give actual notice of the proceedings to the defendant in time to answer and defend." TEX. R. CIV. P. 108a(1).

A no-answer default judgment cannot stand if the defendant was not served in "strict compliance" with applicable rules. *Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020) (per curiam). Since no-answer default judgments are disfavored and trial courts lack jurisdiction over defendants who were not properly served with process, the Texas Supreme Court has construed "'strict compliance' to mean just that." *Id*. Reviewing courts "indulge no presumptions in favor of valid issuance, service, or return of citation." *Id*. "Service of process that does not strictly comply with the rules' requirements is 'invalid and of no effect.'" *Id*. at 317 (quoting *Uvalde Country Club v. Martin Linen Supply Co*., 690 S.W.2d 884, 885 (Tex. 1985)). Even if a defendant has received actual notice of a pending lawsuit, a default judgment rendered upon defective service will not stand. *Hubicki*, 226 S.W.3d at 408.

*Application*

Pasanisi argues the no-answer default judgment cannot stand because there was neither valid issuance, nor valid service, nor valid return of citation. He contends the trial court erred by

authorizing substituted service because Vanham did not present an "affidavit or other evidence" showing that the manner of service Vanham proposed "will be reasonably effective to give [Pasanisi] notice of the suit." *Id*. R. 106(b)(2). We agree.

Vanham's motion for substituted service asked that the court authorize service "by serving Helene Pasanisi member of Tanganyika Wildlife Safari, Ltd and sister of Eric Pasanisi at [the address in] France via registered mail." The motion stated, without further explanation, that "[t]his method of service is reasonably effective" to give Pasanisi notice of the suit and cited Rule 106(b)(2). As support for its motion, Vanham presented an affidavit from Vanham's attorney, Siena Magallanes, who swore that Vanham unsuccessfully attempted to serve Pasanisi with process through the Hague Convention. Magallanes averred that Pasanisi was "a transient person whose whereabouts are currently unknown." She attached to her affidavit copies of the request for service abroad and the citation and counterclaim to be served on Eric Pasanisi in English and French. She also swore she had attached "the Attestation certificate [her law firm] received from the French Central Authority stating that the Citation and Defendants' Original Counterclaim could not be handed over to Mr. Pasanisi." Vanham presented no evidence in support of his motion other than Magallanes's affidavit and the documents attached to it.

The trial court authorized substituted service "on Counter-Plaintiffs Eric Pasanisi and Tanganyika Wildlife Safari Ltd. by sending via registered mail a copy of the citations and counter-claim to Helene Pasanisi at [the address in] France."

"Substituted service pursuant to rule 106(b) contemplates delivery to a 'proper representative' of the defendant when it is impractical to summon the defendant by personal service." *Furst*, 176 S.W.3d at 871. But there must be a showing that the person upon whom substituted service is requested is a "proper representative" so that the substituted service requested

will be "reasonably effective" to notify the named defendant. *Deleon*, 2007 WL 2042763, at *3. There was no such showing here.

The evidence Vanham offered in support of its motion for substituted service included no information whatsoever about Helene Pasanisi. While Vanham later filed an amended motion for default judgment describing why he believed service on Helene Pasanisi in France would be reasonably effective to notify her brother of the lawsuit against him in Texas, no evidence to that effect was before the trial court when it signed the order authorizing substituted service. The motion itself only included the information that Helene was a "member of Tanganyika Wildlife Safari, Ltd" and "Eric Pasanisi's sister." We may not assume from this statement that service upon Helene Pasanisi was reasonably effective to give notice to Eric Pasanisi. *See Deleon*, 2007 WL 2042763, at *3 ("The only connection between Preston and Ebo d/b/a Fabulous Cab Company is the affidavit of the Fairs' lawyer stating 'Linda Preston, an employee of Toubin Insurance Company' is the 'adjustor in charge' of this claim. We may not assume from this one statement that service upon Preston was reasonably effective to give notice to Ebo d/b/a Fabulous Cab.").

Additionally, even if we accept Vanham's unsupported assertions that Helene is Pasanisi's sister and a member of Tanganyika Wildlife Safari, Inc., there is no evidence that Pasanisi "was actually receiving mail" at Helene's address. *See Hubicki*, 226 S.W.3d at 408; *cf. State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993). The substituted service here was neither "reasonably effective to give the defendant notice of the suit" under Rule 106, nor "reasonably calculated, under all of the circumstances, to give actual notice of the proceedings to the defendant in time to answer and defend" under Rule 108a. Accordingly, the trial court erred by granting Vanham's motion for substituted service. *Hubicki*, 226 S.W.3d at 408. Because Pasanisi was not served in strict compliance with the applicable rules, the default judgment against him cannot stand. *See id*.

Since Pasanisi's first argument on appeal requires us to reverse the default judgment, we need not address his remaining claims. TEX. R. APP. P. 47.1.

**CONCLUSION**

We reverse the trial court's February 7, 2019 default judgment and remand the case to the trial court for further proceedings consistent with this opinion.

Beth Watkins, Justice