**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00237-CV**

_____

**VANICARE MEDSPAS, INC. AND VINCENT CHITOLIE, Appellants**

**V.**

**LIMITLESS MEDICAL SPA, LLC, Appellee**

**On Appeal from the County Court at Law No. 6**
**Montgomery County, Texas**
**Trial Cause No. 22-09-13008-CV**

**MEMORANDUM OPINION**

In this restricted appeal, VaniCare Medspas, Inc. ("VaniCare") and Vincent Chitolie ("Chitolie") challenge the trial court's no answer default judgment for Limitless Medical Spa, LLC ("Limitless"). *See* Tex. R. App. P. 26.1(c). In two issues, Appellants: (1) ask whether the trial court properly granted substituted service of process; and (2) contend that absent proper service, the default judgment cannot stand. As discussed below, we affirm the trial court's judgment.

1

## Background

In June 2017, Limitless loaned VaniCare the principal sum of $162,266.84, and VaniCare executed a promissory note agreeing to the loan's terms. Chitolie personally guaranteed the loan and was VaniCare's registered agent. The lawsuit arises from VaniCare's default on the note. Limitless alleges that VaniCare repeatedly failed to pay the monthly payment amount and accrued late fees, requiring Limitless to retain counsel to pursue its claims. Despite demanding payment from VaniCare and Chitolie, they refused to pay. Limitless sued VaniCare and Chitolie for breach of contract and unjust enrichment, seeking to recover an unpaid balance of $120,757.48 plus attorney's fees.

In its Original Petition filed on September 27, 2022, Limitless alleges that VaniCare is a Texas corporation and may be served through "its registered agent, Vincent Chitolie, at 13202 Regency Oak Lane, Cypress, Texas 77429" and requested the issuance of citation for service. Limitless also states that Chitolie "is an individual who may be served with process at his residence at 13202 Regency Oak Lane, Cypress, Texas 77429 or wherever else he may be found" and requested the issuance of citation for service.

On October 28, 2022, Limitless filed a Motion for Substituted Service supported by two separate Declaration[s] of Branden Jasper in Support of Motion for Alternate Service, which were sworn under penalty of perjury. The Motion lists

the "place of abode" for each defendant separately as "13202 Regency Oak Lane, Cypress, Texas." The Motion asks the trial court to authorize service at that location by leaving a copy of the documents with an individual more than sixteen years of age at Defendants' usual place of abode, or by affixing a copy of the documents to the front entrance, and by mailing a copy to Defendants at that address "via first class US mail." The Motion also asserts that the requested "manner of service will be reasonably effective in giving Defendants notice of this suit because the above-specified location is Defendant's usual place of abode."

Jasper's Declarations supporting the Motion further detail his attempts to serve VaniCare through its registered agent, Chitolie, and his attempts to serve Chitolie individually at the same location. Jasper's Declarations explain that he tried to serve the citations on five occasions at the 13202 Regency Oak Lane address, specifying the dates, times, that there was no answer, no one appeared to be home, and there were no vehicles in the driveway. He asserts in each Declaration that on October 14, 2022, at 10:09 a.m., when he went to the 13202 Regency Oak Lane address, nobody answered and nobody appeared to be home, but "I spoke with a woman named Kathy at 13206 Regency Oak Ln. She told me that [Chitolie] lives at the provided address. She said that she believes he is currently out of town."

In the Declaration pertaining to VaniCare, Jasper states:

For the reasons set forth above, it is impractical to secure personal service on VANICARE MEDSPAS, INC C/O REGISTERED AGENT

3

VINCENT CHITOLIE and I will be unable to do so despite due diligence. In the course of my attempts to serve said documents listed above, I've determined that 13202 REGENCY OAK LANE, CYPRESS, HARRIS COUNTY, TX 77429 is VANICARE MEDSPAS, INC C/O REGISTERED AGENT VINCENT CHITOLIE's usual place of business, usual place of abode, or other place where the Respondent can probably be found. I believe VANICARE MEDSPAS, INC C/O REGISTERED AGENT VINCENT CHITOLIE will receive effective notice of this suit by leaving true and correct copies of the CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B with anyone over the age of sixteen (16) years or by placing it inside the premises through a door mail chute, or by securely affixing copies of the citation and attached petition, to either the front door, side door, back door, gate and/or fence of the residence and/or business.

In the Declaration pertaining to Chitolie individually, Jasper avers:

For the reasons set forth above, it is impractical to secure personal service on VINCENT CHITOLIE and I will be unable to do so despite due diligence. In the course of my attempts to serve said documents listed above, I've determined that 13202 REGENCY OAK LANE, CYPRESS, HARRIS COUNTY, TX 77429 is VINCENT CHITOLIE's usual place of business, usual place of abode, or other place where the Respondent can probably be found. I believe VINCENT CHITOLIE will receive effective notice of this suit by leaving true and correct copies of the CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B with anyone over the age of sixteen (16) years or by placing it inside the premises through a door mail chute, or by securely affixing copies of the citation and attached petition, to either the front door, side door, back door, gate and/or fence of the residence and/or business.

The trial court granted Limitless's Motion for Substituted Service. The trial court specified that service could be perfected by leaving a copy of the petition and order for substituted service with anyone over the age of sixteen at the 13202 Regency Oak Lane address or affixing those documents "to the front door of

4

Defendants' last known usual place of abode or business at the above address." Additionally, the Order Granting Motion for Substituted Service of Process also required a copy of the "Citation, Petition, and this Order" to be mailed by regular mail "to the Defendants using the same address at which service is authorized above[.]"

On November 11, 2022, Limitless filed a separate Return of Service on VaniCare through Chitolie as its registered agent and on Chitolie individually prepared by Jasper. In each Return, Jasper declared under penalty of perjury that he personally delivered the Order Granting Motion for Substitute Service of Process, Citation, Plaintiff's Original Petition, Exhibit A, and Exhibit B by "securely attaching to the front door and by regular mail" those documents to 13202 Regency Oak Lane, Cypress, Harris County, TX 77429.

On February 22, 2023, Limitless filed its Amended Motion for Default Judgment, supported by evidence. This evidence included: Certificate of Last Mailing Address showing the address where substituted service occurred; Nonmilitary Affidavit; Affidavit in Support of Attorney's Fees with billing records; and Affidavit in Support of Judgment executed by Mark Ciaglia, President of Limitless, authenticating and attaching the loan documents, detailed payment spreadsheet, and demand letter and notice of default dated July 29, 2022. In March 2023, the trial court signed an Order granting Limitless's Amended Motion for

Default Judgment, awarding it $120,847.55, pre-judgment interest, attorney's fees of $7,363.55, and post-judgment interest.

On July 18, 2023, Appellants filed their Notice of Restricted Appeal. In one issue on appeal, Appellants ask whether the trial court properly allowed substituted service for the "last known usual place of abode when service was never attempted at the last known usual place of business and there was no probative evidence Appellants would receive notice at the last known place of abode[.]"

**Standard of Review and Applicable Law**

To prevail on a restricted appeal, a party must prove that: (1) it filed its restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The requirement that error is apparent on the face of the record is not included in the rule but derives from case law. *Ex parte E.H.*, 602 S.W.3d at 495. The first three restricted appeal requirements are jurisdictional, but the fourth is not. *Id.* at 496–97. An appellant who meets the first three requirements establishing the court's jurisdiction must then establish error from the face of the record to prevail in a

6

restricted appeal. *Id.* at 497. Since Appellants meet the first three requirements, the only question we resolve is whether error is apparent on the face of the record. *See id.*; *Hubicki v. Festina*, 226 S.W.3d 405, 407 (Tex. 2007); *Wachovia Bank of Del. v. Gilliam*, 215 S.W.3d 848, 849 (Tex. 2007).

"[A] no-answer default judgment cannot stand when the defendant 'was not served in strict compliance with applicable requirements.'" *Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020) (quoting *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)). No-answer default judgments are disfavored, trial courts lack jurisdiction over defendants who are not properly served with process, and the Texas Supreme Court has construed "strict compliance" to mean just that. *Id.* (citations omitted). Service of process not strictly complying with the rules' requirements is "'invalid and of no effect.'" *Id.* at 317 (quoting *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985)) (other citation omitted). "In a restricted appeal from a default judgment, no presumptions in favor of valid service are made." *Hubicki*, 226 S.W.3d at 407 (citation omitted); *see Spanton*, 612 S.W.3d at 316–17. We review de novo whether the substituted service sought and ordered was authorized under Rule 106 and whether a default judgment could be properly rendered against the Appellants based on the substituted service used here. *Furst v. Smith*, 176 S.W.3d 864, 868 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

Rule 106 provides:

(a) Unless the citation or court order otherwise directs, the citation must be served by:

> (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or

> (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.

(b) Upon motion supported by a statement--sworn to before a notary or made under penalty of perjury--listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:

> (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement;
>
> or
>
> (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106.

"[S]ubstitute service may not properly issue on a motion supported by an affidavit that is conclusory or otherwise insufficient." *Wilson*, 800 S.W.2d at 836 (citations omitted). "[B]efore the trial court may order substituted service under rule 106, there must be evidence of probative value that the location stated in the affidavit is the defendant[']s usual place of business or usual place of abode or other place where the defendant can probably be found." *Brown Consulting and Assocs., Inc. v.*

8

*Smith*, No. 05-12-00543-CV, 2013 WL 2316615, at *3 (Tex. App.—Dallas May 28, 2013, no pet.) (mem. op.) (citations omitted) (discussing prior version of Rule 106). "Inadmissible hearsay admitted without objection may not be denied probative value merely because it is hearsay." Tex. R. Evid. 802; *see Tex. Com. Bank, Nat. Ass'n v. New*, 3 S.W.3d 515, 517 (Tex. 1999) (explaining that "unobjected to hearsay constitutes probative evidence" and the trial court did not err by considering affidavits in rendering default judgment). "Statements are conclusory if they fail to provide underlying facts to support their conclusions." *LeBlanc v. Lamar State Coll.*, 232 S.W.3d 294, 301 (Tex. App.—Beaumont 2007, no pet.) (citing *1001 McKinney Ltd. v. Credit Suisse First Boston Mortg. Cap.*, 192 S.W.3d 20, 27 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)) (discussing in context of summary judgment affidavits).

**Analysis**

Appellants assert that error is apparent on the face of the record because the trial court authorized alternative service at the "last known usual place of abode when service was never attempted at the last known usual place of business, and there was no probative evidence Appellants would receive notice at the last known place of abode[.]" The Motion for Substituted Service was supported by Jasper's Declarations "made under penalty of perjury" as to VaniCare through Chitolie as its registered agent and Chitolie individually, as required by the rule. *See id.* 106(b).

9

Each of Jasper's Declarations stated that he determined "13202 REGENCY OAK LANE, CYPRESS, HARRIS COUNTY, TX 77429" was Chitolie's "usual place of business, usual place of abode, or other place where the Respondent can probably be found." Jasper's sworn statements also describe five unsuccessful attempts to effectuate service at the address, which likewise comports with Rule 106. *See id.*

Appellants seemingly contend that Limitless was required to serve them at a "last known place of business" before attempting to serve them at a "last known place of abode." Rule 106(b) does not currently require this. *See id.* An earlier version of Rule 106(b) required that the motion for substitute service, among other things, "stat[e] the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found[.]" *See* Order Amending Texas Rules of Civil Procedure 106 and 108a, Misc. Docket No. 20-9103 (Tex. Aug. 21, 2020), https://www.txcourts.gov/media/1449613/209103.pdf; *see also DeRouen v. Pridgen*, No. 13-22-00115-CV, 2023 WL 7399150, at *6 (Tex. App.—Corpus Christi-Edinburg Nov. 9, 2023, no pet.) (mem. op.) (explaining rule amendment and removal of first two example locations). Even so, the prior version of the rule used the disjunctive "or" which is indicative that any of the options was acceptable rather than requiring them all. The current version of the rule, and the one applicable to this lawsuit, eliminates the "usual place of business or usual place of abode" language and simply requires the statement to list "any location where the

10

defendant can probably be found[.]" *See* Tex. R. Civ. P. 106(b). It does not require the statement to list *all* locations where the defendant can probably be found. *See id.* We therefore reject Appellant's argument.

Appellants also argue that there is no probative evidence that the Appellants would receive notice at the "last known place of abode" since Jasper's Declarations contain inadmissible hearsay and are conclusory. We disagree. Jasper's Declarations explain that a woman at a neighboring address told him Chitolie lived at 12302 Regency Oak Lane, but the neighbor believed Chitolie was out of town. Jasper provides the neighbor's first name and address. Jasper's Declarations regarding what the neighbor said constituted probative evidence for the process server's belief that Chitolie may be served at that address, as they tended to prove that Chitolie could probably be found at that location. *See New*, 3 S.W.3d at 517; *see also* THE LAW DICTIONARY, http://www.thelawdictionary.org/probative/ (last visited May 23, 2025) (defining probative as "[h]aving the effect of proof, tending to prove, or actually proving[]"). Additionally, Jasper's Declarations outline the underlying facts regarding his inability to serve Chitolie at various times over the course of a month and a neighbor reported that Chitolie lived at the address in question. These underlying facts provide a basis for Jasper's stated determination that Chitolie could probably be found there and that he believed VaniCare and Chitolie would receive effective service by attaching the documents to the door. *See LeBlanc*, 232 S.W.3d

11

at 301; *1001 McKinney Ltd.*, 192 S.W.3d at 27; *see also* Tex. R. Civ. P. 106(b). Thus, Jasper's statements sworn under penalty of perjury supporting the Motion for Substitute Service were not conclusory. *See LeBlanc*, 232 S.W.3d at 301; *1001 McKinney Ltd.*, 192 S.W.3d at 27.

Limitless's Motion for Substituted Service supported by Jasper's statements strictly complied with Rule 106, and there was probative evidence that Chitolie, individually and as VaniCare's registered agent, could be found at the stated location. *See* Tex. R. Civ. P. 106(b) (outlining requirements for substituted service); *Spanton*, 612 S.W.3d at 316 (mandating strict compliance with the rule); *Brown Consulting*, 2013 WL 2316615, at *3 (explaining necessity of probative evidence). Having determined that substituted service was authorized in this case in the manner the trial court ordered, there is no error on the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Alexander*, 134 S.W.3d at 848. Absent error on the face of the record, Appellants cannot prevail in this restricted appeal. *See* Tex. R. App. P. 26.1(c), 30; *Ex parte E.H.*, 602 S.W.3d at 497; *Alexander*, 134 S.W.3d at 848. We overrule issue one.

Appellants raise a second issue contending that in the absence of proper service, a default judgment cannot stand. Since we have already determined that the substituted service in this case was proper, we do not reach this issue. *See* Tex. R.

App. P. 47.1 (requiring appellate court to hand down an opinion as brief as practicable addressing all issues necessary to the appeal's resolution).

## Conclusion

Having overruled Appellants' first issue, which is necessary to the appeal's resolution, we affirm the trial court's judgment.

AFFIRMED.

W. SCOTT GOLEMON
Chief Justice

Submitted on August 30, 2024
Opinion Delivered June 19, 2025

Before Golemon, C.J., Johnson and Chambers, JJ.