**STATE FARM FIRE AND CASUALTY COMPANY, Petitioner,**

v.

**Andy COSTLEY and Cathy Costley, Respondents.**

No. D–3488.

Supreme Court of Texas.

June 23, 1993.

Rehearing Overruled Sept. 29, 1993.

---

Kenneth S. Carroll, Dallas, William W. Kilgarlin, Austin, for petitioner.

Ed Walton, Jeffrey W. Shell, Amarillo, for respondents.

**PER CURIAM.**

Cathy Costley sued Robert Costley, her father-in-law, for personalty lost in a fire which occurred on Robert's property. Robert filed a third party action against his son Andy Costley, Cathy's husband, alleging that Andy's negligence caused the fire. Andy contacted State Farm, his homeowner's policy carrier, and made a demand that it defend him in the third party action. Apparently, Andy failed to cooperate with State Farm in defending his suit, and State Farm subsequently filed suit to rescind the policy.

State Farm made ten failed attempts to achieve personal service on Andy Costley before requesting substituted service under Rule 106(b) of the Texas Rules of Civil Procedure.[1] State Farm filed an affidavit stating the location of Costley's usual place of abode and the specific facts describing the unsuccessful attempts at personal service. State Farm's affidavit complied with Rule 106(b), and the trial court authorized substituted service by mailing a copy of the petition and citation by certified mail, return receipt requested, with an additional copy sent by first-class mail, postage prepaid to Costley's mailing address. State Farm filed a return of service stating that Costley had been served in the manner authorized by the court. Costley failed to answer and a default judgment was entered by the trial court. The court of appeals reversed the default judgment concluding that service by first-class mail did not satisfy the Rule 106(b) requirement that substituted service "be reasonably effective to give defendant notice" because the service by U.S. mail did not show when Costley actually received notice. 844 S.W.2d 939, at 941–942.

Substituted service exists to allow plaintiffs to effect service where proof of actual notice under Rule 106(a) is impractical. *See Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex. 1992). Under Rule 106(b) a court may au-

---

1. Rule 106(b) provides:
   Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) [personal service] or (a)(2) [service by certified mail] at the location named in such affidavit but has not been successful, the court may authorize service ... (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.
   Tex.R.Civ.P. 106(b).

thorize substituted service only after a plaintiff has unsuccessfully tried to effect personal service or service by certified mail, return receipt requested, as required by Rule 106(a). Tex.R.Civ.P. 106(b). A plaintiff may resort to substituted service only upon the failure of these methods which provide proof of actual notice. Thus, to require proof of actual notice upon substituted service would frustrate Rule 106(b)'s purpose of providing alternate methods for plaintiffs in the position of State Farm. In fact, the rule itself contemplates other procedures which will not necessarily furnish evidence of actual notice. The rule allows service by leaving a copy of the citation and petition with someone over the age of sixteen at the defendant's place of abode as stated in the affidavit. Tex. R.Civ.P. 106(b)(1). This method of substituted service provides no evidence in the record of when defendant received actual notice, but rather only provides proof of when plaintiff actually left the copies with someone in compliance with the rule. Service by mail achieves a similar result because it allows a plaintiff to properly post a return of service which demonstrates that the plaintiff has precisely followed the court's order of service by means reasonably calculated to provide actual notice.

Upon receipt of an affidavit satisfying Rule 106(b) [2], the trial court may authorize substituted service which, shown from the affidavit or other evidence, is reasonably calculated to provide notice. In the present case, the court of appeals found that "[n]either the affidavit nor any other evidence in the record demonstrates a method of service that will be reasonably effective to give Mr. Costley notice of the suit." 844 S.W.2d at 941. We disagree. State Farm presented the trial court with a copy of Costley's insurance policy, authenticated by an affidavit of the claim's superintendent, which contained Costley's mailing address; a copy of a letter sent by State Farm, to that same address, informing Costley of the attorney State Farm had retained for his defense; and a copy of a letter sent to State Farm from Costley's attorney which contained specific references to the letter sent to Costley by State Farm. This was sufficient evidence to establish that notice sent to this address would be reasonably effective to give Costley notice of the suit. Under these circumstances, the trial court properly authorized service by first-class mail, postage prepaid.

State Farm's return of service strictly complied with the rules of civil procedure as well. Rule 107 requires an adequate return of service before a court may grant a default judgment. Rule 107 provides, "[w]here citation is executed by an alternative method as authorized by Rule 106, proof of service shall be made in the manner ordered by the court." State Farm's return of service states the date of service by both certified and first-class mail, in accordance with the court order, and is thereby in strict compliance with the rules of civil procedure.

Pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of the Court grants State Farm's application for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals and remands the case to that court for consideration of Andy Costley's unaddressed points of error.

---

**2.** Under Rule 106(b), a party need only show that attempts have failed under either Rule 106(a)(1) or Rule 106(a)(2). Tex.R.Civ.Pro. 106.