REVERSE and REMAND; Opinion Filed December 13, 2012



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-00710-CV

**BAILEY'S FURNITURE, INC., Appellant**

**V.**

**GRAHAM-RUTLEDGE & COMPANY, Appellee**

On Appeal from the 191st Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC11-02523-J

## MEMORANDUM OPINION

Before Justices O'Neill, Francis, and Murphy
Opinion by Justice Francis

Bailey's Furniture, Inc. appeals a no-answer default judgment against it in a breach of contract suit brought by Graham-Rutledge & Company. In two issues, Bailey's argues the trial court lacked personal jurisdiction to render the default judgment because service of process was defective and, alternatively, the trial court abused its discretion in denying its motion for new trial. Because we agree that service was defective, we reverse the trial court's judgment and remand for further proceedings.

Graham-Rutledge alleged it had an exclusive listing agreement with Bailey's to market a commercial property in Dallas and that Bailey's sold the property without paying the real estate

commission provided for in the agreement. Graham-Rutledge sued Bailey's and two parties who represented the buyer of the property. The petition alleged that Bailey's could be served by serving its registered agent, Charles Bailey, at 3910 West Camp Wisdom Road, Dallas, Texas, 75237-2425. After making four unsuccessful attempts at service, Graham-Rutledge filed a motion for substituted service supported by the affidavit of the process server, Brandon Parraway. In his affidavit, Parraway asserted the following:

> "On **JULY 28TH, 2010,** I received the **PLAINTIFF'S ORIGINAL PETITION,** attached, for service upon Defendant, **CHARLES BAILEY, 3910 WEST CAMP WISDOM ROAD, DALLAS, TX, 75237,** which is Defendant's usual place of abode/business, and/or a place where Defendant can be found."

Thereafter, Parraway described his four unsuccessful attempts to execute service of process. The affidavit then provided:

> "No further attempts at delivery of process were conducted by me, and there has been no contact with/from Defendant, **CHARLES BAILEY.**
>
> "I believe further attempts to serve Defendant, **CHARLES BAILEY,** by personal delivery would be unsuccessful and substituted service would be reasonably effective in giving Defendant, **CHARLES BAILEY,** notice of this suit by delivering the **PLAINTIFF'S ORIGINAL PETITION,** attached at the address identified as, **CHARLES BAILEY, 3910 WEST CAMP WISDOM ROAD, DALLAS, TX, 75237.** By serving anyone over the age of sixteen years old living/employed at the above mentioned residence/business, or;
>
> 2. By properly affixing to the front entranceway/front gatepost of the above mentioned residence/usual place of business.

The trial court granted the motion and signed an order authorizing that Bailey's be served by "affixing the citation, original petition, and order on the front door of the place of business of

Bailey's Furniture located at 3910 West Camp Wisdom Road, Dallas, Texas 75237." Parraway executed a return of service showing that he affixed the citation, original petition, discovery, and order on motion for substituted service "on the front door of the place of business of Bailey's Furniture, Inc." located at the West Camp Wisdom road address.

For reasons not necessary to this appeal, Bailey's did not file an answer. The trial court then rendered an interlocutory default judgment against Bailey's and awarded Graham-Rutledge $48,238.98 for the breach of contract and $1950 in attorney's fees. Bailey's filed a motion for new trial arguing service of process was defective. The trial court denied the motion and then severed the case against Bailey's, making the default judgment against it final. After the severance, Bailey's filed an amended motion for new trial, which was denied. This appeal ensued.

Before a trial court may properly render a default judgment, the record must reflect the trial court has jurisdiction over the subject matter and the parties and the case is ripe for judgment. *Finlay v. Jones*, 435 S.W.2d 136, 138 (Tex. 1968); *Marrot Commc'ns, Inc. v. Town & Country P'ship*, 227 S.W.3d 372, 376 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). Unless the record affirmatively shows, "at the time the default judgment is entered," either an appearance by the defendant, proper service of citation, or a written memorandum of waiver, the trial court does not have in personam jurisdiction to render a default judgment against the defendant. *Marrot Commc'ns*, 227 S.W.3d at 376. Even actual notice to a defendant after defective service is "not sufficient to convey upon the court jurisdiction to render default judgment against him." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).

Texas Rule of Civil Procedure 106 allows the trial court to sign an order authorizing a substitute method of service, provided the plaintiff files a motion supported by proper affidavit.

TEX. R. CIV. P. 106(b); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298-99 (Tex. 1993) (per curiam). The supporting affidavit must state (1) "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found" and (2) the specific facts showing that traditional service has been attempted "at the location named in such affidavit but has not been successful." TEX. R. CIV. P. 106(b). Failure to affirmatively show strict compliance with this rule renders the attempted service of process invalid and of no effect. *Wilson*, 800 S.W.2d at 836. There are no presumptions favoring valid issuance, service, and return of citation in the face of a direct attack on a default judgment. *Id.*

Here, service was sought upon Bailey's Furniture, but the affidavit upon which the trial court based its decision to order substituted service identified the defendant as Charles Bailey. We recognize the petition alleged Charles Bailey is the registered agent of the defendant, but the affidavit does not identify Charles Bailey as the registered agent. Because the affidavit misidentifies the defendant, it fails to establish the necessary factors under rule 106(b) with respect to Bailey's. Under these circumstances, we conclude Bailey's was not served in strict compliance with rule 106(b) because substituted service was not properly authorized by the affidavit relied upon by the trial court. Without proper service, the trial court never obtained personal jurisdiction over Bailey's and the default judgment against it is void. Given our disposition of this issue, we need not address Bailey's second issue. *See* TEX. R. APP. P. 47.1.

We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

_____
MOLLY FRANCIS
JUSTICE

110710F.P05

4



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BAILEY'S FURNITURE, INC.,
Appellant

No. 05-11-00710-CV     V.

GRAHAM-RUTLEDGE & COMPANY,
Appellee

Appeal from the 191st Judicial District
Court of Dallas County, Texas (Trial Court
No. DC11-02523-J).
Opinion delivered by Justice Francis;
Justices O'Neill and Murphy participating.

     Based on the Court's opinion of this date, we **REVERSE** the trial court's judgment and **REMAND** the cause to the trial court for further proceedings consistent with the opinion. We **ORDER** that appellant Bailey's Furniture, Inc. recover its costs of this appeal from appellee Graham-Rutledge & Company.

Judgment entered December 13, 2012.

_____
MOLLY FRANCIS
JUSTICE