# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00763-CV

**Matthew M. Spanton and Elisha Spanton d/b/a Hill Country Kennels, Appellants**

**v.**

**Pamela S. Bellah, Appellee**

### FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-001821, THE HONORABLE TIM SULAK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Matthew M. Spanton and Elisha Spanton d/b/a Hill Country Kennels filed a restricted appeal from a default judgment rendered in Pamela S. Bellah's favor. The Spantons contend that the default judgment is void for lack of personal jurisdiction over them due to defective service of process. We will affirm the judgment.

## BACKGROUND

The Spantons operate Hill Country Kennels raising and selling Presa Canario dogs. While Bellah was working at the kennel, one of the dogs bit her. Bellah alleged that she had requested that the Spantons provide her with muzzles for the dogs but that they refused to do so and, as a result, she was seriously injured. Bellah sued the Spantons and made several unsuccessful attempts to serve them personally at a residence in Dripping Springs, Texas.

Bellah then filed a motion for substituted service seeking an order authorizing her to serve the Spantons by first class and certified mail, return receipt requested, and also by attaching a copy of the citation and petition to the gate surrounding the residence. The trial court signed an order authorizing substituted service "by first class mail and certified mail, return receipt requested as well as by attaching the citation and Plaintiff's Original Petition to the gate surrounding defendants' residence located at 504 Heathers Hill Dr., Dripping Springs, TX 78620." The return of service states that substituted service was executed on Elisha Spanton and Matthew Spanton at "504 Heather Hills Drive, Dripping Springs, Texas 78620" by "posting a copy to the front gate" and by sending a copy of the citation and petition by first class and certified mail.

After the Spantons failed to timely file answers, Bellah obtained a default judgment against them. The Spantons filed notice of a restricted appeal seeking to vacate the default judgment on the ground that service of process on each of them was defective.

## DISCUSSION

A restricted appeal constitutes a direct attack on a default judgment. Tex. R. App. P. 30; *General Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 943 (Tex. 1991). As the party filing a restricted appeal, the Spantons must show that: (1) they brought the appeal within six months after the trial court signed the judgment; (2) they were parties to the suit; (3) they did not participate in the hearing that resulted in the complained-of judgment and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent from the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). Only the fourth element,

whether error is apparent from the face of the record, is in dispute here. The record, for purposes of a restricted appeal, consists of the clerk's record and the reporter's record if one was made, and it includes any evidence presented to the trial court before final judgment. *See Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *General Elec.*, 811 S.W.2d at 944 ("The rule has long been that evidence not before the trial court prior to final judgment may not be considered in a [restricted appeal] proceeding.").

A plaintiff may take a default judgment against the defendant if the defendant has not previously answered as long as the citation and return of service have been on file with the clerk for 10 days. Tex. R. Civ. P. 107, 239. A no-answer default judgment is properly granted if (1) the plaintiff files a petition that states a cause of action, (2) the petition invokes the trial court's jurisdiction, (3) the petition gives fair notice to the defendant, and (4) the petition does not disclose any invalidity of the claim on its face. *Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491, 494 (Tex. 1988). A no-answer default results in the defaulting defendant's admission of all facts properly pleaded in the petition, except for the amount of unliquidated damages. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (per curiam). Thus, if the facts set out in the petition allege a cause of action, the default judgment conclusively establishes the defendant's liability. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex. 1984).

On appeal, the Spantons challenge the district court's jurisdiction over them, asserting that the substituted service ordered by the court was defective. In a restricted appeal, defective service of process constitutes error on the face of the record. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994) (per curiam). Strict compliance with the procedural rules governing citation and return of service must affirmatively appear on the record if the

3

default judgment is to withstand direct attack. *Id.* at 152; *see also* Tex. R. Civ. P. 99, 103, 105, 106, 107. When reviewing a default judgment, we make no presumptions in favor of valid issuance, service, and return of citation. *Primate Constr.*, 884 S.W.2d at 152. Whether service strictly complied with the rules is a question of law that we review de novo. *Furst v. Smith*, 176 S.W.3d 864, 868-70 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

Bellah filed a motion for substituted service after several failed attempts to serve the Spantons in person. Rule 106(b) governs substituted service. *See* Tex. R. Civ. P. 106(b). Rule 106(b) provides:

> Upon motion supported by affidavit stating the location of the defendant's usual place of business or place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) [personal service] or (a)(2) [registered or certified mail] at the location named in such affidavit but has not been successful, the court may authorize service
>
> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or
>
> (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

*Id.* In support of her motion, Bellah attached two affidavits from Manuel Jimenez Jr., the process server who had attempted to serve Matthew Spanton and Elisha Spanton. Jimenez attested that the Spantons' usual place of abode was "504 Heathers Hill Dr. Dripping Springs, TX, 78620." Jimenez averred that he attempted to serve the Spantons personally at that address on four different dates at different times of day (April 14, 2018 at 3:46 p.m.; April 18, 2018 at 11:43 a.m.; May 1, 2018 at 5:40 p.m.; and June 8, 2018 at 10:15 a.m.). In the affidavit regarding attempted service on Matthew Spanton, Jimenez attested that he received an email from Matthew Spanton on April 18 stating that he was in California and would be back on April 29. On May 1, Jimenez

4

called one phone number—(573) 692-247[1]—and the voice mailbox was full. Jimenez called a different phone number—(512) 470-5094 and left a message. After attempting service again on June 8, Jimenez again called these phone numbers and left messages.

In the affidavit regarding attempted service on Elisha Spanton, Jimenez averred that he received an email from her on April 19 at 9:54 a.m. in which she asked what papers Jimenez was attempting to deliver to her. Jimenez responded and informed Elisha what the papers were regarding. Jimenez attested that at 8:58 p.m. that day Elisha asked him to call her so they could meet for delivery. Jimenez returned the call at 8:00 a.m. on May 1 and left a voicemail. After attempting service at 504 Heather Hills on May 1, Jimenez called Elisha. Jimenez stated that Elisha told him that he needed to contact her husband and that she refused to arrange a time to be served. Approximately 15 minutes after he spoke to Elisha, Jimenez received an email from her directing him to deliver the papers to the Heather Hills address. After attempting service at the Heather Hills address on June 8, Jimenez again called Elisha. Jimenez averred that Elisha stated that she "understood that her name was on the civil process, but this only involved her husband." Elisha again refused to meet Jimenez to accept service.

In his affidavits, Jimenez stated: "It is my opinion that it is impracticable to continue to serve [either] Defendant in person and additional attempts would be unsuccessful." Jimenez stated his belief that "the most effective way to give the Spantons actual notice of the process issued is to serve the Citation and Petition" by either delivering them to a person over sixteen years of age at "504 Heathers Hill, Dripping Springs, TX, 78620" or by affixing the citation and petition to the front door at that address.

---

[1] This telephone number included in the affidavit appears to be missing one digit.

In her motion for substituted service, Bellah sought to serve the Spantons either by attaching the citation and petition to the gate surrounding the property or by giving them to any person over the age of 16 at the Spantons' address, "504 Heathers Hill Dr., Dripping Springs, TX 78620" as well as by first class and certified mail. The district court granted the motion on June 28, 2018, and ordered substituted service on the Spantons by first class mail and certified mail, return receipt requested, as well as "by attaching the citation and Plaintiff's Original Petition to the gate surrounding defendants' residence located at 504 Heathers Hill Dr., Dripping Springs, TX 78620." The court also found that Bellah, through the actions of the process server, exercised due diligence in her attempts to serve the Spantons and that "the substitute service requested in [Bellah's] motion will be reasonably effective to give [the Spantons] notice of the suit."

In their first issue, the Spantons assert that error is apparent on the face of the record because the record fails to demonstrate that the alternative service the trial court authorized was reasonably effective to give the Spantons notice of the suit. Rule 106(b)(2) provides that, upon motion "supported by affidavit stating the location of the defendant's [] usual place of abode," the court may authorize service in a manner that the affidavit shows will be reasonably effective to give the defendant notice of the suit. *See* Tex. R. Civ. P. 106(b)(2). Here, the motion for substituted service was accompanied by Jimenez's affidavit in which he averred that "504 Heathers Hill Drive, Dripping Springs, TX, 78620" was the Spantons' "usual place of abode."[2] The court found that the form of substituted service requested by Bellah— attaching the citation and petition to the gate surrounding the Spantons' usual place of abode— would be reasonably effective to give them notice of the suit. The court authorized service in

---

[2] The affidavit recites that the facts stated in the affidavit were within Jimenez's personal knowledge and were true and correct.

6

that manner. It is not apparent from the face of the record that the authorized method of service would not be reasonably effective to give the Spantons notice of the suit.

Relying on the Texas Supreme Court's opinion in *Hubicki v. Festina*, 226 S.W.3d 405 (Tex. 2007), the Spantons argue that error is apparent on the face of the record because the record fails to demonstrate that the alternative service the trial court authorized was reasonably effective to give them notice of the suit. In *Hubicki*, the court addressed substituted service by first class mail at an address in Mexico that the process server attested in his affidavit was a place where the defendant "can usually be found [] when he is in Mexico" and that he was "currently in Mexico" on the date the affidavit was executed. *Id.* at 407. The court noted that substituted service of process by first class mail may be proper in some instances, such as when an insurer plaintiff has made ten failed attempts to personally serve the insured defendant and has presented evidence that (1) the insured defendant's address is correct because it is the insured's premises and (2) the insured was actually receiving mail at that address. *Id.* at 408 (citing *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993)). The court held, however, that substituted service of process by first class mail on Hubicki did not comply with Rule 106(b) because (1) Festina had made only one attempt to serve Hubicki under Rule 106(a) and (2) there was no evidence that Hubicki was actually receiving mail at the address Festina provided. *Id.* The court further stated that the process server's affidavit dated September 30, 2003, stated that Hubicki was "currently in Mexico" but Festina did not attempt to serve Hubicki until almost a month later. Finally, the court noted that Festina alleged in its petition that Hubicki had a "residence address" in Dallas. Because there was not evidence that Hubicki was in Mexico, as opposed to his residence in Dallas, when service by first class mail was attempted, the court concluded that, as a matter of law, Festina failed to establish that alternative service by first class

mail at the address in Mexico "was reasonably calculated to provide Hubicki with notice of the proceedings in time to answer and defend." *Id.*

*Hubicki* is distinguishable from the present case in material respects. The manner of substituted service authorized by the court in *Hubicki* was by first class mail at an address that was not the defendant's residence but, rather, an address where the defendant could "usually" be found "when he is in Mexico." There was no evidence that the defendant was in Mexico at the time service was attempted. Bellah, by contrast, sought to serve the Spantons by leaving a copy of the citation and petition at the gate surrounding their "usual place of abode" after having attempted service on at least four separate occasions over two months and after the process server had exchanged email messages and telephone calls with Matthew and Elisha Spanton informing them that he was attempting to serve them. Rule 106(b) provides that the court may authorize substituted service in any manner that the affidavit shows "will be reasonably effective to give the defendant notice of the suit" on motion supported by an affidavit stating the location of the defendant's "usual place of abode" and showing that service has been attempted at that location. Tex. R. Civ. P. 106(b)(2). Jimenez's affidavit made the required showing and demonstrated that leaving the citation and petition at the Spantons' "usual place of abode" would be reasonably effective to give them notice of Bellah's suit.[3] We overrule the Spantons' first issue.

---

[3] In their brief, the Spantons state that the record establishes on its face that they were not receiving mail at the Heather Hills address because the return receipts showed that the papers sent to them by certified mail were returned unclaimed. The Spantons' failure to claim certified mail sent to them at a particular address does not demonstrate that they do not live there or receive mail there. The Spantons also refer to the fact that the notice of judgment mailed to them by the district court was returned to the court with a notice stating that there was a forwarding address on file with the post office (1805 Knights Chance Ln, Spicewood, TX 78699-4306) but the time for forwarding mail had expired. The returned notice of judgment was not filed with court until after the default judgment was signed and therefore may not be considered in this restricted appeal. *See General Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 944

8

In their second issue, the Spantons assert that it is apparent from the face of the record that service was not done in accordance with the trial court's order. Specifically, the Spantons state that the order granting the motion for substituted service provides that service is authorized by "attaching the citation and Plaintiff's Original Petition to the gate surrounding defendants' residence located at 504 Heathers Hill Dr., Dripping Springs, TX 78620." The return of service, however, states that Jimenez executed the service at "504 Heather Hills Drive, Dripping Springs, Texas 78620." The Spantons argue that the fact that the order identifies the location of the Spantons' residence as "504 Heathers Hill Drive" but the return of service states that service was executed at "504 Heather Hills Drive" is a deviation from the trial court's order that necessitates reversal of the default judgment. We disagree.

The record must show strict compliance with the rules of service of citation for a default judgment to withstand a direct attack on restricted appeal. *Primate Constr., Inc.*, 884 S.W.2d at 152. "But 'strict compliance' does not require 'obeisance to the minutest detail.'" *Cuetara v. DSCH Capital Partners, LLC*, No. 03-16-00078-CV, 2016 WL 3917181, at \*2 (Tex. App.—Austin July 14, 2016, no pet.) (mem. op.) (quoting *Myan Mgmt. Grp., L.L.C. v. Adam Sparks Family Revocable Tr.*, 292 S.W.3d 750, 752 (Tex. App.—Dallas 2009, no pet.)). Here the court ordered service at the Spantons' residence, which it stated was "504 Heathers Hill Drive" in Dripping Springs. The return states that service was executed at "504 Heather Hills Drive" in Dripping Springs. The difference in placement of the letter "s" does not demonstrate that service was not executed at the Spantons' residence nor does it constitute a deviation from the method of substituted service ordered sufficient to render the service defective. *Cf. Creaven*

(Tex. 1991) (evidence not before trial court prior to final judgment may not be considered in restricted appeal).

9

*v. Creaven*, 551 S.W.3d 865, 874 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (affidavit of service stating service executed at "Cambrian Court" reflects different name from "Cambrian Park Court," which was street name in substituted service order).  The misplaced letter "s" does not render "Heathers Hill Drive" a different street name from "Heather Hills Drive" such that service on the Spantons was not in compliance with the substituted service order.  The record as a whole shows that the Spantons knew a process server was attempting to serve them with citation and that the process server not only attached the citation and petition to the gate at what he attested was their "usual place of abode" but also complied with the court's order to serve them by the additional means of certified and first class mail.  It is not apparent from the record that the substituted service executed was not "reasonably effective to give the defendant[s] notice of the suit." Tex. R. Civ. P. 106(b)(2).  We overrule the Spantons' second issue.

## CONCLUSION

Having overruled the Spantons' two appellate issue, we affirm the trial court's default judgment.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed:   August 27, 2019

10