**Opinion issued April 1, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00283-CV

———————————

**DAVID JESUS BERRONES MARTINEZ, Appellant**

**V.**

**LUIS MEAT SALES, LLC, Appellee**

---

**On Appeal from County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1188319**

---

## MEMORANDUM OPINION

The trial court rendered a default judgment in favor of appellee Luis Meat Sales, LLC (Luis Meat) against appellant David Jesus Berrones Martinez (Martinez). On appeal, Martinez asks us to reverse for two reasons. First, he argues in two issues that he was not properly served with this lawsuit. Second, he complains about the

trial court's reliance on a factual statement in Luis Meat's petition, essentially arguing that he should not have been held liable. Neither argument supports reversal.

As to service, the record shows that Luis Meat properly served Martinez by substituted service. Luis Meat complied with the applicable rules and the trial court's order authorizing substituted service.

This record likewise shows no issue with the factual statement or liability holding. Under settled Texas law, in entering the no-answer default judgment, the trial court was permitted to rely on the factual statement in Luis Meat's petition to support Martinez's liability because the statement (and liability) was deemed admitted.

We affirm the trial court's judgment.

## Background

Luis Meat sells meat products. At issue here, Luis Meat sued Martinez, asserting several claims.

### *The Lawsuit*

To begin, Luis Meat filed a suit on sworn account asserting claims for breach of contract and quantum meruit. Luis Meat argued that Martinez failed to pay for product he purchased, and it claimed that the principal amount due on Martinez's account was $9,355.69. Luis Meat supported its petition with an account statement and the sworn verification of its owner. Luis Meat also attached the demand letter it

2

sent to Martinez before filing suit. The letter informed Martinez that he owed $12,423.69, consisting of (1) the principal amount of $9,355.69, (2) accrued interest of $468, and (3) "a late charge of $50 per month from the time of default." The letter asked Martinez to pay the amount owed and Luis Meat's attorney's fees.

Luis Meat also asserted a fraud claim. It alleged that Martinez was a former employee and claimed that, during his employment, he stole inventory worth $50,000. In total, Luis Meat asked the trial court to award it $62,423.69 ($12,423.69 for the amount due on the account plus $50,000 for the stolen inventory) and its attorney's fees.

*Service of Process*

A central issue in this appeal is service of process. The record shows that, four months after filing suit, Luis Meat filed a motion for substituted service. The motion was supported by the affidavit of Harris County Deputy Constable K. Rector, who had attempted to serve Martinez. He detailed the unsuccessful attempts he made to serve Martinez at 4423 Stassen Street, Martinez's "usual place of abode."

After considering the motion, the trial court signed an order authorizing substituted service on Martinez (1) by leaving a copy of the citation and petition with anyone over 16 years of age at 4423 Stassen Street or (2) by attaching a copy of the citation and petition to the front door of the address. The order also required Luis

3

Meat to send the petition and citation to Martinez by regular mail and certified mail, return receipt requested.

About four months later, Luis Meat filed the return of service—here, a process server's affidavit of service. The process server attested that he had affixed a copy of the citation, petition, and the order authorizing substituted service to the door of Martinez's residence at 4423 Stassen Street. The process server stated that he also mailed the documents to Martinez at the same address by regular mail and certified mail, return receipt requested. He attached the certified mail receipt reflecting that it was returned unsigned along with an envelope stamped "unclaimed."

*Default Judgment*

After Martinez did not answer the suit or otherwise appear, Luis Meat moved for default judgment. The trial court signed a default judgment awarding Luis Meat damages of $62,423.69, plus $3,000 for its attorney's fees.

Acting pro se, Martinez timely appealed, challenging the default judgment in three issues. The first two concern service of process. The final issue concerns the trial court's reliance on a factual statement in the petition.

**This Record Reflects Proper Service**

In his first two issues, Martinez argues that he was not properly served with process. We disagree.

## A.     Applicable Law

As Martinez argues, a trial court lacks jurisdiction over a defendant who was not properly served with process. *Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020). A no-answer default judgment (like the one here) cannot stand when the defendant was not served in strict compliance with applicable rules of civil procedure. *Id.* Whether service strictly complies with the rules is a question of law that we review de novo. *Martell v. Tex. Concrete Enter. Readymix, Inc.*, 595 S.W.3d 279, 282 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

Under Texas law, there are multiple forms of permissible service—including substituted service. To be sure, Rule of Civil Procedure 106(a) provides that, *unless the citation or an order of the court otherwise directs*, the citation must be served by "(1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." TEX. R. CIV. P. 106(a).[1]

But the rules are clear that in person or mailed service are not the only options; the court may direct otherwise. And, in particular, the rules explain that when proof of actual notice under Rule 106(a) is impractical, substituted service under Rule

---

[1]     Service by registered or certified mail must be made by the clerk of the court in which the case is pending. TEX. R. CIV. P. 103.

106(b) may still enable a plaintiff to effect service. *See* TEX. R. CIV. P. 106(b); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298–99 (Tex. 1993).

Rule 106(b) imposes limitations on substituted service. It permits substituted service only after a plaintiff has tried unsuccessfully to effect personal service or service by certified mail under Rule 106(a). *See Costley*, 868 S.W.2d at 298–99. And the rule makes clear that substituted service may be obtained on a motion supported by an affidavit listing "any location where the defendant can probably be found" and "stating specifically the facts" showing that service in person or by registered or certified mail under Rule 106(a) was attempted but not successful. TEX. R. CIV. P. 106(b). Under the rule, however, if a plaintiff satisfies these requirements, trial courts are permitted to authorize substituted service in any manner that will be reasonably effective to give the defendant notice. *Id.*; *Costley*, 868 S.W.2d at 299.

When a court authorizes service under Rule 106(b), "the only authority for the substituted service is the order itself." *Spanton*, 612 S.W.3d at 317–18; *see* TEX. R. CIV. P. 107(f) ("Where citation is executed by an alternative method as authorized by Rule 106, proof of service shall be made in the manner ordered by the court."). As a result, the question is whether service strictly complied with the court's order. *See Spanton*, 612 S.W.3d at 317–18.

6

**B.**     **Analysis**

This record shows proper substituted service in strict compliance with the court's order and applicable rules. Thus, neither of Martinez's issues as to service (both of which appear to disregard the possibility of substituted service) support reversal.

Luis Meat served Martinez by substituted service under Rule 106(b). Thus, Luis Meat was required to serve him in strict compliance with that rule. *See id.* This included proving that it was entitled to substituted service, as well as showing compliance with the court's order. TEX. R. CIV. P. 106(b); *Spanton*, 612 S.W.3d at 317–18. This record shows both.

*Entitlement to Substituted Service*

The record reflects that Luis Meat strictly complied with Rule 106(b) when seeking substituted service. In its motion for substituted service, Luis Meat asserted that it was "impractical to secure personal service of process" on Martinez because he was "not at his home address during the day and will not answer after hours." The motion explained that, "on numerous occasions," Deputy Rector attempted to perfect service [on Martinez] at 4423 Stassen Street"—his "known usual place of residence."

Deputy Rector's supporting affidavit detailed his attempts to serve Martinez. He attested that 4423 Stassen Street was Martinez's "usual place of abode." He

7

stated that Martinez was evading service and described the five attempts he made to serve Martinez at 4423 Stassen Street. He testified that, on the first attempt, he spoke to a woman at the residence. She said Martinez was at work and that she would give him the information. On the second attempt, the gate was locked, and Deputy Rector left his card. Similarly, on the third attempt, there was "[n]o answer," and he again left his card. On the fourth attempt, Deputy Rector spoke with a woman who said Martinez was at work, and she did not know when he would return. She confirmed that Martinez had received Deputy Rector's card. On the final attempt, Deputy Rector spoke with a woman who said that she lived at the residence and confirmed that Martinez also lived there.

Given Deputy Rector's affidavit—identifying the address of Martinez's residence and "stating specifically the facts" of his unsuccessful attempts of personal service under Rule 106(a)—Luis Meat established that it was entitled to substituted service. *See* TEX. R. CIV. P. 106(b); *Costley*, 868 S.W.2d at 299; *see also Pao v. Brays Vill. E. Homeowners Ass'n, Inc.*, 905 S.W.2d 35, 37 (Tex. App.—Houston [1st Dist.] 1995, no writ) (deputy's affidavit—which provided address of defendant's "usual place of abode" and described three unsuccessful attempts of service there—"contained the necessary recitations required by rule 106(b)").

*Compliance with the Trial Court's Order*

The record likewise shows strict compliance with the court's order on substituted service. The order authorizing substituted service required Luis Meat to serve Martinez (1) by leaving a copy of the citation and petition with anyone over sixteen years of age at 4423 Stassen Street or (2) by attaching a copy of the citation and petition to the front door of the address. The order also required Luis Meat to send the petition and citation to Martinez by regular mail and by certified mail, return receipt requested.

The affidavit of service signed by the process server attested that he affixed a copy of the citation, petition, and order authorizing substituted service to the door of Martinez's residence at 4423 Stassen Street. He stated that he also mailed the documents to Martinez at the same address by regular mail and certified mail, return receipt requested. The process server attached to his affidavit the certified mail receipt.

Thus, the affidavit of service reflects that Luis Meat served Martinez in strict compliance with the trial court's order. *See Spanton*, 612 S.W.3d at 317–18; *see also* TEX. R. CIV. P. 107(f) ("Where citation is executed by an alternative method as authorized by Rule 106, proof of service shall be made in the manner ordered by the court.").

*Martinez's Arguments Do Not Change This Analysis*

Despite this, Martinez claims that he was not "legally notified" of the suit. He asserts that Luis Meat did not comply with the rules governing service because he was not served by certified mail or in person in the manner provided by Rules 103 and 106. But whether Luis Meat complied with the rules governing in person and certified mail service is not relevant to determining whether Luis Meat complied with the rules for *substituted service*—as was effected here. *See* TEX. R. CIV. P. 106(b); *Ali v. Song*, No. 05-23-01058-CV, 2024 WL 5153240, at *2 (Tex. App.—Dallas Dec. 18, 2024, no pet.) ("Because actual notice is immaterial in determining whether Ali was properly served by substitute service, we overrule this issue.").

Martinez also questions whether the private process server sent the petition and citation as required by the order authorizing substituted service. He asserts that he did not receive them, and he contends that he received notices from the trial court sent to his home address. However, the order authorizing substituted service did not require that Martinez actually receive the petition and citation. It required that the petition and citation be sent to Martinez at his residence by certified and regular mail. Luis Meat established that those steps were completed.

This record shows that Luis Meat strictly complied with the rules of civil procedure governing substituted service. *See* TEX. R. CIV. P. 106(b); *Spanton*, 612

S.W.3d at 317–18. We hold that Luis Meat properly served Martinez with process. We overrule Martinez's first and second issues.

## Martinez's Final Issue Does Not Support Reversal Either

In his final issue, Martinez challenges the trial court's reliance on the factual statements in Luis Meat's petition supporting its fraud claim. To support its fraud claim, Luis Meat alleged that Martinez was a former employee who stole inventory worth $50,000 during his employment.

### A.    Applicable Law

This appeal involves a default judgment with no answer by Martinez. Under settled law, "the non-answering party in a no-answer default judgment is said to have admitted both the truth of facts set out in the petition and the defendant's liability on any cause of action properly alleged by those facts." *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183 (Tex. 2012).

As a result, "[w]hen a no-answer default judgment is rendered, the defendant's liability for all causes of action pled is conclusively established and all allegations of fact in the petition, except the amount of unliquidated damages, are deemed admitted." *Paradigm Oil, Inc. v. Retamco Operating, Inc*., 242 S.W.3d 67, 72 (Tex. App.—San Antonio 2007, pet. denied). "[J]udgment can be entered on the pleadings alone, and all facts properly pled are deemed admitted." *Whitaker v. Rose*, 218 S.W.3d 216, 220 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

11

**B.     Analysis**

Because Martinez did not answer the lawsuit, under the settled law discussed above, Martinez admitted the truth of facts set out in Luis Meat's petition as well as his liability. *See, e.g.*, *Paradigm Oil*, 372 S.W.3d at 183. On appeal, Martinez now challenges Luis Meat's allegation that he is its former employee. He asserts that he was "never an employee." We construe Martinez's argument to be that this factual allegation was untrue and thus cannot support his liability for fraud.

But, because all allegations of fact in the petition were deemed admitted, Martinez cannot now raise that challenge.[2] *See Holt Altherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992); *Texaco, Inc. v. Phan*, 137 S.W.3d 763, 769–70 (Tex. App.—Houston [1st Dist.] 2004, no pet.). We overrule Martinez's third issue.

## Conclusion

We affirm the judgment of the trial court.

Jennifer Caughey
Justice

---

[2]     Martinez also asserts that the parties previously litigated the dispute in justice court. He has attached documents to his brief that he claims reflect that litigation. But the documents are not in the appellate record. Because we may not consider attachments not in the record, we may not consider the attached documents. *See Rockman v. Ob Hospitalist Grp., Inc.*, No. 01-21-00383-CV, 2023 WL 3311548, at *12 (Tex. App.—Houston [1st Dist.] May 9, 2023, no pet.).

Panel consists of Justices Guerra, Caughey, and Morgan.